**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD GRANVILLE HYLTON, | No. 12-57267 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-01039-GPC-WMC |
| v. | |
| ANYTIME TOWING; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted March 10, 2014[**]

Before: PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Richard Granville Hylton appeals pro se from the district court's summary judgment in his action alleging federal and state law claims arising out of the impounding of his vehicle for expired registration tags. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo, *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Hylton's unlawful search and seizure claims because Hylton failed to raise a genuine dispute of material fact as to whether the impounding of his car and resulting inventory search were unreasonable. *See* Cal. Veh. Code § 4000(a)(1) (a person shall not drive a vehicle unless it is registered); Cal. Veh. Code § 22651(o)(1)(A) (an officer may remove a vehicle whose registration expired more than six months before); *Colorado v. Bertine*, 479 U.S. 367, 371 (1987) (explaining that inventory searches are a "well-defined exception to the warrant requirement of the Fourth Amendment"); *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005) ("An impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle."). Hylton's contentions that his registration was not expired are unpersuasive and not supported by record.

The district court properly granted summary judgment on Hylton's claims under the Fair Debt Collection Practices Act because Hylton failed to raise a genuine dispute of material fact as to whether any defendant was a "debt collector." 15 U.S.C. § 1692a(6) (defining "debt collector" as one who "regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"); s*ee also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court properly granted summary judgment on Hylton's claims under the Fair Credit Reporting Act ("FCRA") because Hylton cannot bring a private action under 15 U.S.C. § 1681s-2(a) and he failed to raise a genuine dispute of material fact as to whether he notified a consumer reporting agency about the dispute under § 1681s-2(b).  *See Gorman*, 584 F.3d at 1154 (under the FCRA, 15 U.S.C. § 1681s-2(a) does not create a private right of action and the duties under § 1681s-2(b) arise only after the furnisher of financial information receives notice of the consumer's dispute from a credit reporting agency).

The district court properly granted summary judgment on Hylton's 42 U.S.C. § 1983 claim based on his ethnicity, race, and national origin because Hylton provided no evidence to support this claim.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.").

12-57267

We reject Hylton's contentions concerning discovery sanctions and the allegedly rejected first amended complaint.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Anytime Towing's motion for sanctions, filed on May 23, 2013, is denied. All other pending motions are also denied.

**AFFIRMED.**